**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BERTRAM MUSIC COMPANY, EMI APRIL MUSIC INC., MUSIC SALES CORP., EMI FULL KEEL MUSIC CO.<br>    Plaintiff,<br>    vs.<br>SC.GS & CO., LLC, SASHA COSIC, DRAGANA COSIC, aka DONNA COSIC,<br>    Defendants. | CIV 08-01099 PHX MEA<br><br>ORDER |

Plaintiffs have agreed to the exercise of magistrate judge jurisdiction over all of the claims asserted, including the entry of final judgment. Defendants, although served with the summons and complaint in this matter, have not appeared in the matter. Before the Court is Plaintiffs' motion for the entry of judgment by default [Docket No. 14].

**I Background**

Plaintiffs filed a complaint on June 12, 2008, alleging that Defendants were liable to Plaintiffs for copyright infringement. Plaintiffs allege Defendants are the owners of Va Bene, a bar and restaurant. Plaintiffs allege that Defendants allowed four copyrighted works to be performed at Va Bene, located in Phoenix, Arizona, on a specific date in 2007.

Plaintiffs allege they were not provided with a royalty for the performance of their copyrighted works either directly to Plaintiffs or through the payment of a license for the performance of copyrighted works to the American Society of Composers, Authors and Publishers ("ASCAP").[1] Plaintiffs allege Defendants have knowingly violated their copyrights for a period of two years. The complaint seeks injunctive relief, i.e., an order prohibiting Defendants from authorizing or allowing further infringing performances of their copyrighted works, statutory damages pursuant to 17 U.S.C. §§ 502(a), 504(c) and 505, and an award of Plaintiffs' attorneys fees.

Service of the summons and complaint was executed on Defendants on June 19, 2008. See Docket No. 8. An answer to a complaint must be filed within twenty days of service of the summons and complaint. See Fed. R. Civ. P. Rule 12(1)(A) (2008). Accordingly, Defendants' answer to the complaint was due no later than June 30, 2008.

On July 16, 2008, Plaintiffs applied for the entry of Defendants' default, which was entered by the Clerk of the Court pursuant to Rule 55(a), Federal Rules of Civil Procedure, on

---

[1] ASCAP is a central administrator utilized by copyright owners to control licensed performance of their copyrighted works. On behalf of the copyright owners, ASCAP negotiates fee agreements, or licenses, allowing nightclubs and restaurants, *inter alia*, to play or allow the performance of the musical compositions in the ASCAP catalogue. Generally, when ASCAP determines that an establishment is playing copyrighted music the owner of the establishment is notified of the infringement and is offered a chance to purchase a license. See Broadcast Music, Inc. v. Columbia Broad. Sys., 441 U.S. 1, 4-5, 99 S. Ct. 1551, 1554-55 (1979); International Korwin Corp. v. Kowalcyzk, 855 F.2d 375, 376 n.1 (7th Cir. 1988); Morganactive Songs v. K&M Fox Inc., 77 U.S.P.Q. 2d 1064, 1070 (S.D. Ind. 2005).

July 30, 2008.  See Docket No. 11 & Docket No. 13.  On August 7, 2008, Plaintiffs moved the Court for the entry of judgment in favor of Plaintiffs and against Defendants by virtue of Defendants' default in asserting an answer to Plaintiffs' claims for relief, citing Rule 55(b)(2), Federal Rules of Civil Procedure.  See Docket No. 14.

**II Analysis**

Rule 55 provides that if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a) (2008).  Rule 55(b)(2) requires the application be accompanied with a declaration that the defaulting defendants are not minors, incompetent, or members of the armed services.  Additionally, Rule 55 does not require the entry of judgment against a defaulting party and the entry of a judgment by default is completely within the Court's discretion.  See, e.g., DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3557 (Apr. 02, 2008)(No. 07-1261); Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgments are disfavored because public policy favors the resolution of civil cases on their merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); Krieg v. U.M.C. Hosp., 217 Fed. App. 604, 605 (9th Cir. 2007); Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000)("federal courts should not be agnostic with respect to the entry of default judgments, which

are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"). Cf. Latsham v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).

When exercising its discretion in this regard, the Court may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72. See also DIRECTV, Inc., 503 F.3d at 852.

When determining whether judgment by default should be granted, the Court must take as true all factual allegations in the complaint, except for those related to the amount of Plaintiffs' damages. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006). Defendants' default functions as their admission of the complaint's well-pleaded allegations of fact. See Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Facts necessary to establish each element of the cause of action stated in the complaint that are not themselves stated in the complaint and claims that are legally insufficient are not established by a

defendant's default.  See Cripps, 980 F. 2d at 1267; Danning, 572 F.2d at 1388.

**A. The prejudice to Plaintiffs if default judgment is denied**

Plaintiffs will be substantially prejudiced if default judgment is denied.  Defendants have not answered the complaint nor otherwise defended this matter.  There is no indication in the record that Defendants will appear or otherwise respond to the complaint.  Additionally, Plaintiffs will be prejudiced, in the form of accumulating additional attorneys' fees, by any further delay in resolving these proceedings.

**B. The merits of Plaintiffs' substantive claim**

The Court finds that Plaintiffs' substantive claims are meritorious.  Taking the facts of the complaint as true, Defendants violated federal copyright law by allowing the performance of copyrighted works at their establishment without paying the appropriate fees.  Defendants have not contested the facts alleged in the complaint.

**C. The sufficiency of the complaint**

The complaint sufficiently alleges jurisdiction over the parties and the subject matter at issue in this suit.  The complaint sufficiently allege a factual predicate for the relief sought.  The complaint names eligible defendants.[2]

---

[2] Liability for copyright infringement extends to those who own or control the premises where the infringing conduct occurs, or where the purported defendants have the right and ability to supervise those responsible for the infringing conduct.  Supervisor or control liability is predicated on the fact that the purported defendant derives direct financial benefit from infringing performances on their premises.  See, e.g., Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004); A & M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th

**D. The sum of money at stake in this action**

The sum of money sought by Plaintiffs in this action is statutory damages in the amount of $7,500 for each of four infringements, i.e., $30,000.

**E. The possibility there would be a dispute concerning material facts if the case were to proceed**

It is unlikely that there would be a dispute concerning material facts if this case proceeds.

**F. Whether the default was due to Defendants' excusable neglect**

Defendants have had notice of these proceedings and have not appeared nor objected thereto, nor asked for additional time to answer the complaint. Defendants' default in this matter is not due to excusable neglect.

**G. The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits**

The entry of default judgment is disfavored. The Court should not enter a default judgment if Defendants would be entitled to have the default judgment set aside pursuant to Rule 60(b), Federal Rules of Civil Procedure. See, e.g., Educational Servs., Inc. v. Maryland State Bd. for Higher Educ., 710 F.2d 170, 177 (4th Cir. 1983); Martin v. Coughlin, 895 F. Supp. 39, 42 (N.D.N.Y. 1995).

At this time, Defendants would not be entitled to have a default judgment set aside and Plaintiffs will be prejudiced

---

Cir. 2001); Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 263-64 (9th Cir. 1996); Broadcast Music, Inc. v. Blueberry Hill Family Rest., Inc., 899 F. Supp. 474, 480-81 (D. Nev. 1995); Boz Scaggs Music v. KND Corp., 491 F. Supp. 908, 913 (D. Conn. 1980).

-6-

if default judgment is not entered. It is also unlikely that Defendants could present meritorious defenses to Plaintiffs' claims. Finally, it is unlikely that Defendants would be able to show good cause for their failure to answer the complaint or otherwise appear in this matter.

> The majority of courts hold that a defendant's conduct will be considered culpable only if the defendant has defaulted willfully, or has no excuse for the default. See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524 (11th Cir. 1990) (denial of motion to vacate default affirmed where defendant offered no meaningful reason for its having defaulted). A defendant's conduct has been determined to be "culpable" if he has received actual or constructive notice of the filing of the action and failed to answer. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). If the default was the result of culpable conduct on the part of the defendant, the court need not consider anything else in refusing to set aside the default judgment. Meadows v. The Dominican Republic, 817 F.2d 517, 522 (9th Cir. 1987); Pena v. Seguros Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).

Hunt v. Cling Motor Co., 841 F. Supp. 1098, 1106-07 (D. Kan. 1994) (citations omitted).

Because Defendants have completely failed to appear in this matter, the Court may enter a default judgment against Defendants. See Meadows, 817 F.2d at 521 (concluding that receiving actual notice of complaint and failing to respond is culpable conduct).

**III Amount of statutory damages**

Plaintiffs seek statutory damages in the amount of $7,500 for the four incidents of infringement. Plaintiffs cite to recent unpublished decisions of the United States District Court for the District of Arizona deciding the same issue

-7-

wherein the plaintiffs were awarded $4,000 for willful infringements in two of the suits and $7,500 for willful infringements in one of the suits.

Statutory damages, within a range, are to be assessed in an amount "as the court considers just." 17 U.S.C. § 504(c)(1) (2005 & Supp. 2008). The amount of an award of statutory damages pursuant to section 504(c)(1) is a matter left to the discretion of the Court, and for a non-willful infringement the Court is authorized to award damages in the range of $750 to $30,000 for each act of infringement. See, e.g., Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 641 (8th Cir. 1996); Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229 (7th Cir. 1991). If the Court concludes, within its discretion, that Defendants' infringement was willful, the Court may award damages in the amount of up to $150,000 per infringement. See Cass County Music Co., 88 F.3d at 641; 17 U.S.C. § 504(c)(2) (2005 & Supp. 2008).

The federal courts have repeatedly stated that the amount of the statutory damages should exceed what the defendants would have paid for an annual ASCAP license, so that defendants are not rewarded for their infringing behavior. See, e.g., International Korwin Corp. v. Kowalcyzk, 855 F.2d 375, 383 (7th Cir. 1988) (holding also that, where the infringement is willful, "deterrence of future violations is a legitimate consideration."), citing F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233, 73 S. Ct. 222, 225, (1952) ("The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also

is designed to discourage wrongful conduct.").

The federal courts are within their discretion to award statutory damages in excess of what the infringer would have paid in license fees if the court concludes the violation was willful, rather than unintentional or unknowing. See 17 U.S.C. § 504(c)(2) (2005 & Supp. 2008); Charlie Club Inc., 930 F.2d at 1230; International Korwin Corp., 855 F.2d at 383. The Court may conclude that the infringement was "willful" if Defendants knew their conduct constituted an infringement of a copyright or if they acted in "reckless disregard" of copyrights. See Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 511 (7th Cir. 1994). In making this determination the Court may consider as a "persuasive" factor whether Defendants had notice that their acts constituted infringement. See Cass County Music Co., 88 F.3d at 637-38; Chi-Boy Music, 930 F.2d at 1227-28; Morganactive Songs v. K&M Fox Inc., 77 U.S.P.Q. 2d 1064, 1069-70 (S.D. Ind. 2005).

Plaintiffs have properly alleged that Defendants' infringement was willful. Accordingly, the Court concludes that it is within its discretion to authorize the statutory damages sought by Plaintiffs, i.e., $7,500 for each of the four alleged infringements, i.e., an aggregate of statutory damages in the amount of $30,000.

In their motion for default judgment Plaintiffs submit their attorneys fees and costs are in the amount of $5,891.80. Reasonable attorneys fees may be awarded to a successful party in a copyright infringement action. See 17 U.S.C. § 505 (2005 & Supp. 2008); Columbia Pictures Television, Inc. v. Krypton

Broad. of Birmingham, Inc., 259 F.3d 1186, 1191 n.3 (9th Cir. 2001) (holding the District Court must explain whether it finds the amount of fees sought to be reasonable).  Cf. Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (holding Lanham Act provides for an award of attorneys fees in a trademark suit wherein the judgment was by default).  Having reviewed the application for fees submitted by Plaintiffs' counsel and the relevant legal opinions, the Court concludes the amount sought in attorneys fees and costs is reasonable and shall be included in the judgment awarded Plaintiffs.

### **IV  Conclusion**

Plaintiffs have filed and served a well-plead complaint which includes the facts necessary to establish a prima facie case against Defendants for violation of federal copyright statutes.  Because the entry of a default judgment is completely within the Court's discretion, Plaintiffs' complaint alleges the facts necessary to find in favor of Plaintiffs, and there is no clear reason why default may not be entered in this matter,

**IT IS ORDERED that** Plaintiffs' motion [Docket No. 14] for judgment by default is **granted**.  Judgment in favor of Plaintiffs and against Defendants is hereby granted with regard to all of the claims for relief stated in Plaintiffs' complaint.

**IT IS FURTHER ORDERED that** statutory damages are awarded to Plaintiffs in the amount of $30,000.

**IT IS FURTHER ORDERED that** Defendants shall pay and Plaintiffs are awarded Plaintiffs' attorneys fees and costs in the amount of $5,891.80.

**IT IS FURTHER ORDERED that** Plaintiffs may also have judgment against Defendants, and each of them, and any persons acting under the direction, control, permission, and authority of Defendants, that Defendants and said persons are enjoined and restrained permanently from publicly performing, or causing or permitting, in any place owned, controlled, or conducted by any Defendant, the public performance of any copyrighted musical works in the American Society of Composers, Authors and Publishers ("ASCAP") repertory without permission obtained from ASCAP or directly from the copyright owner.

The Clerk of the Court shall enter judgment accordingly.

DATED this 3rd day of September, 2008.

_____
Mark E. Aspey
United States Magistrate Judge