**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BERTRAM MUSIC COMPANY, EMI APRIL MUSIC INC., MUSIC SALES CORP., EMI FULL KEEL MUSIC CO.<br>    Plaintiffs,<br>vs.<br>SC.GS & CO., LLC, SASHA COSIC, DRAGANA COSIC, aka DONNA COSIC,<br>    Defendants. | CIV 08-01099 PHX MEA<br><br>ORDER |

All of the parties have acquiesced to the exercise of magistrate judge jurisdiction, including the entry of final judgment.

In a decision entered September 4, 2008, the Court granted judgment by default in favor of Plaintiffs against Defendants. The Court ordered Defendants to pay statutory damages in the amount of $30,000 and attorneys fees and costs in the amount of $5,891.80.

Before the Court is Defendants' Motion to Set Aside Default Judgment Pursuant to F.R.C.P.60(b)(1) and (b)(6). See Docket No. 29. Plaintiffs filed a memorandum and affidavits in opposition to the motion to set aside the default judgment. See Docket No. 30.

**Background**

Plaintiffs filed a complaint on June 12, 2008, alleging Defendants were liable to Plaintiffs for copyright infringement. Plaintiffs alleged Defendants were the owners of Va Bene, a bar and restaurant located in Phoenix, Arizona. Plaintiffs alleged that Defendants allowed four copyrighted works to be performed at Va Bene on a specific date in 2007. Plaintiffs alleged they were not provided with a royalty for the performance of their copyrighted works either directly to Plaintiffs or through the payment of a license for the performance of copyrighted works to the American Society of Composers, Authors and Publishers ("ASCAP").[1]

Significantly, Plaintiffs alleged Defendants had knowingly violated their copyrights for a period of two years. The complaint sought injunctive relief, i.e., an order prohibiting Defendants from authorizing or allowing further infringing performances of Plaintiffs' copyrighted works. The complaint also sought statutory damages pursuant to 17 U.S.C. §§ 502(a), 504(c) and 505, and an award of Plaintiffs' attorneys fees.

---

[1] ASCAP is a central administrator utilized by copyright owners to control licensed performance of their copyrighted works. On behalf of the copyright owners, ASCAP negotiates fee agreements, or licenses, allowing nightclubs and restaurants, *inter alia*, to play or allow the performance of the musical compositions in the ASCAP catalogue. Generally, when ASCAP determines that an establishment is playing copyrighted music the owner of the establishment is notified of the infringement and is offered a chance to purchase a license. See Broadcast Music, Inc. v. Columbia Broad. Sys., 441 U.S. 1, 4-5, 99 S. Ct. 1551, 1554-55 (1979); International Korwin Corp. v. Kowalcyzk, 855 F.2d 375, 376 n.1 (7th Cir. 1988); Morganactive Songs v. K&M Fox Inc., 77 U.S.P.Q. 2d 1064, 1070 (S.D. Ind. 2005).

Service of the summons and complaint was executed on Defendants on June 19, 2008. See Docket No. 8. Defendants' answer to the complaint was due no later than June 30, 2008. Defendants never filed an answer to the complaint.

On July 16, 2008, Plaintiffs applied for the entry of Defendants' default, which was entered by the Clerk of the Court pursuant to Rule 55(a), Federal Rules of Civil Procedure, on July 30, 2008. See Docket No. 11 & Docket No. 13. On August 7, 2008, Plaintiffs moved the Court for the entry of judgment in favor of Plaintiffs and against Defendants by virtue of Defendants' default in asserting any answer or defense to Plaintiffs' claims for relief, citing Rule 55(b)(2), Federal Rules of Civil Procedure. See Docket No. 14. In their motion Plaintiffs properly alleged that Defendants' infringement was willful, which allows the Court to impose a greater amount of damages.

Notably, in the face of judgment against them, Defendants still did not appear before the Court to assert any defense to the charges or to assert that their infringement was not willful. Accordingly, the Court concluded that it was within its discretion to authorize the statutory damages sought by Plaintiffs, i.e., $7,500 for each of the four alleged infringements, i.e., an aggregate of statutory damages in the amount of $30,000.

Judgment was entered on or about September 6, 2008. Defendants took no action after judgment was entered until they filed their motion to set aside the judgment on July 8, 2009, *ten months later*. Defendants apparently finally appeared in

this matter in response to Plaintiffs' filing motions for judgment debtor examinations of Defendants in an effort to effectuate the Court's award of damages.

**Standard for granting a motion to vacate a judgment pursuant to Rule 60, Federal Rules of Civil Procedure**

Defendants move for relief pursuant to Rule 60(b)(1) and 60(b)(6), Federal Rules of Civil Procedure, which provide:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> ***
> 6) any other reason that justifies relief.

See also Fed. R. Civ. P. 55(c) (allowing the Court to set aside a default judgment "in accordance with" Federal Rule of Civil Procedure 60(b)); <u>S.E.C. v. Internet Solutions for Bus. Inc.</u>, 509 F.3d 1161, 1164-65 (9th Cir. 2007).

A motion under Rule 60(b)(1) must be made within a "reasonable" time, and not more than one year after judgment was entered. The Court finds that, given the circumstances of this case, Defendants' motion to set aside judgment by default is not timely because ten months after the judgment was entered is not a "reasonable" time.

The Court also finds Defendants are not eligible for relief from judgment pursuant to Rule 60(b)(1) because there is no evidence of mistake, inadvertence, surprise, or excusable neglect. Defendants are also not entitled to relief from judgment based on Rule 60(b)(6). Rule 60(b)(6), the "catch-all"

-4-

provision that allows relief for a reason not specified in Rule 60 subsections (b)(1) through (5), should only be applied in extraordinary circumstances. See, e.g., Shoen v. Shoen, 933 F. Supp. 871, 875 (D. Ariz. 1996). Defendants have not demonstrated extraordinary circumstances.

> The rule also comports with general principles of fairness. ... The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay.

S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d at 1166.

When determining whether to exercise its discretion to reverse a judgment by default, the Court should consider whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff. See, e.g., TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). Defendants bear the burden of demonstrating that these factors favor vacating the judgment. See id.; Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). Where a defendant has intentionally and repeatedly disregarded court orders the Court does not abuse its discretion by denying a motion to set aside judgment by default. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989).

Defendants do not assert that they had no notice of the suit, or the application for entry of default, or the application for the entry of judgment by default, or the entry of judgment by default. Still, Defendants chose not to appear

and defend in this matter. The civil docket reflects that Defendants chose not to defend this matter until it became clear that Plaintiffs intended to collect the judgment by servicing notice of judgment debtor exams.

Defendants' conduct was culpable. "If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." Franchise Holding II, LLC. v. Huntington Rest. Group, Inc. 375 F.3d 922, 926 (9th Cir. 2004).

Plaintiffs will clearly be prejudiced if the judgment is set aside. Plaintiffs would be forced to re-litigate a matter to which Defendants have not proffered a meritorious defense and, accordingly, greater expense of both Plaintiffs' and judicial resources would be expended to the same eventual outcome.

Defendants do not argue that they did not violate Plaintiffs' copyrights, but instead contend the amount of damages was not warranted.[2] Defendants' primary argument is that

---

[2] Defendants' beliefs as to whether they or the performers are responsible for paying for use of copyrighted materials are not a legitimate defense to a charge of infringement. It is well established that the owner and operator of an establishment is liable for copyright infringement which occurs at their establishment. See Leigh v. Sakkaris, 215 U.S.P.Q. 113 (N.D. Cal. 1982); Van Halen Music v. Palmer, 626 F. Supp. 1528 (D. Ark. 1985). Neither can a business owner avoid liability for copyright infringement at their establishment by "hiding [their] head in the sand like an ostrich" and ignoring warnings about infringement. See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224 (7th Cir. 1991).

The Court is absolutely not persuaded that Mr. Cosic's purported deficits in understanding the English language and the legal implications of his actions are as limiting as Defendants assert. Furthermore, even if true, Mr. Cosic's language difficulties are not a defense to the charges of infringement. Defendants appear to have received or had access to legal advice since the onset of this litigation and, accordingly, ignorance poses no excuse for their lack of diligence in presenting any defense to the complaint.

the amount of damages is unrealistic and unfair in light of the actual number and type of copyright violations. Defendants also contend that the Court looked only at Plaintiff's complaint when determining the amount of damages to award.

Defendants have provided no meritorious defenses to Plaintiffs' charges of copyright infringement. Plaintiffs have produced evidence that Defendants had repeated notice not only of this lawsuit, but also of their many acts of copyright infringement.

> Douglas Jones, ASCAP's Litigation Administrator, beginning in July 2005, ASCAP contacted Defendants dozens of times, by correspondence, telephone calls and personal visits, to offer Defendants a license for their establishment, Va Bene Restaurant [] As part of these contacts, ASCAP repeatedly explained to Defendants that under the United States Copyright Law they needed to obtain authorization to perform publicly copyrighted songs in the ASCAP repertory. *In fact, the letters to Defendants specifically informed them that unauthorized performances of copyrighted musical works in the ASCAP repertory constituted copyright infringement and that Defendants could be liable for damages ranging from $750 to $30,000 for each song they infringed*. (Jones Aff. Exhibit A; letters dated September 26, 2006; October 2, 2006; March 14, 2007; and July 19, 2007).

Docket No. at 5.

When determining the amount of damages to award Plaintiffs upon Defendants' default, the Court considered whether Defendants willfully violated Plaintiffs' copyrights. The determination of whether a violation is willful is a decision within the discretion of the Court. See, e.g., Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 641 (8th Cir. 1996); Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229

(7th Cir. 1991). The finding that the infringement was willful allowed the Court to award damages in the amount of up to $150,000 per infringement. <u>See</u> <u>Cass County Music Co.</u>, 88 F.3d at 641; 17 U.S.C. § 504(c)(2) (2005 & Supp. 2008).

Infringement is "willful" if the defendants knew their conduct constituted an infringement of a copyright or if they acted in "reckless disregard" of copyrights. <u>See</u> <u>Wildlife Exp. Corp. v. Carol Wright Sales, Inc.</u>, 18 F.3d 502, 511 (7th Cir. 1994). In making this determination the Court was allowed to consider as a "persuasive" factor whether Defendants had notice that their acts constituted infringement. <u>See</u> <u>Cass County Music Co.</u>, 88 F.3d at 637-38; <u>Chi-Boy Music</u>, 930 F.2d at 1227-28; <u>Morganactive Songs v. K&M Fox Inc.</u>, 77 U.S.P.Q. 2d 1064, 1069-70 (S.D. Ind. 2005).

Contrary to Defendants' statement that the Court did not look beyond the complaint to assess the amount of damages to award, the Court assessed the amount of damages per infringement after examining the entire record, including the affidavits attached to the motion for judgment by default. Defendants were served with the motion for judgment by default and could have, but did not, challenge any of the evidence provided therein going toward a determination of the amount of damages.

**IV  Conclusion**

Defendants' motion to set aside judgment by default is not timely, as it was filed ten months after judgment was entered and Defendants offer no legitimate reason for excusing their lack of diligence in asserting any potential defenses to Plaintiffs' claims even after judgment was entered.

Additionally, Defendants have not met the requirements of either subsection (b)(1) or (b)(6) of Rule 60, Federal Rules of Civil Procedure, regarding the setting aside of a judgment and, accordingly, setting aside the judgment by default is not warranted pursuant to Rule 55, Federal Rules of Civil Procedure. Defendants have not met their burden of establishing good cause for their default and have not established that the Court erred in finding their infringement of Plaintiffs' copyrights willful and in assessing the amount of damages awarded Plaintiffs.

**IT IS ORDERED that** Defendants' motion [Docket No. 29] to set aside judgment is **denied**.

DATED this 27th day of July, 2009.

_____
Mark E. Aspey
United States Magistrate Judge